According to the stipulated facts, the defendant was the recipient of welfare assistance under the program for aid to families with dependent children (AFDC) from October 1, 1969, through September 30, 1973. In February, 1969, the defendant was injured in an automobile accident. In July, 1970, the defendant settled her personal injury claim, the net proceeds of which totaled $1951.32. During the period the defendant was on the AFDC program she received assistance payments in excess of the net proceeds of the personal injury claim. The plaintiff instituted the present action against the defendant and her attorney in the personal injury matter, asserting a statutory lien on the proceeds under General Statutes 17-83f.[1] Upon her attorney's motion, the court rendered an interlocutory judgment of interpleader. Thereafter the defendant filed a counterclaim seeking damages for deprivation of food stamps. The trial court rendered judgment for the plaintiff on both the complaint and the counterclaim and the defendant has appealed. *Page 624 
The principal issue raised by the defendant concerns the validity of General Statutes 17-83f. The defendant, relying on Sniadach v. Family Finance Corporation, 395 U.S. 337, and its progeny, contends that the lien created by this statute deprives her of property without due process of law and, therefore, that 17-83f is unconstitutional on its face. We need not consider the Sniadach principle because this case, unlike the Sniadach type cases, involves a statutory lien that is an encumbrance on the benefit. Public assistance is not an outright gift which the recipient has a right to retain free and clear of any obligation of reimbursement. The benefit is burdened with the obligation to reimburse and this obligation may be secured without offending due process by an assignment of or a lien on a recipient's personal injury action. Snell v. Wyman, 281 F. Sup. 853, 863 (S.D. N.Y.), aff'd,393 U.S. 323.
The view which we have taken on the validity of the lien provisions of 17-83f makes it unnecessary for us to consider the claims which the defendant has briefed respecting the plaintiff's right to recovery on other grounds.
We dwell briefly on the defendant's challenge to the trial court's judgment for the plaintiff on her counterclaim. The subject matter of the counterclaim involves a claim for the bonus value of food stamps which she did not receive. The remedy provided by statute for testing this claim is an administrative hearing before the welfare commissioner. *Page 625 
General Statutes 17-2a. "When an administrative remedy is provided by law, relief must be sought by exhausting this remedy before resort to the courts." McNish v. American Brass Co., 139 Conn. 44,53; see Mazzola v. Southern New England Telephone Co., 169 Conn. 344, 349-50. There is nothing in the record before us to suggest that the defendant utilized, let alone exhausted, the administrative remedy available to her.
 There is no error.
In this opinion A. HEALEY and D. SHEA, Js., concurred.